UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATRINA LYNN HAMILTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | Case No. CV 12-1227 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Katrina Lynn Hamilton ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected her credibility. (Joint Stip. at 18-25.) The Court agrees with Plaintiff for the reasons discussed below.

A. <u>The ALJ Failed to Provide Clear and Convincing Reasons for Rejecting Plaintiff's Credibility</u>

An ALJ may reject a claimant's credibility "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient;

rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Here, the ALJ provided three reasons in support of his credibility determination. The Court discusses – and rejects – each in turn.

First, the ALJ found that the alleged severity of Plaintiff's impairment – namely, her mental health issues and hand pain – was undermined by the level of treatment she received. (Administrative Record ("AR") at 23.) For instance, the ALJ noted that Plaintiff, despite complaining of depression and panic attacks, received no mental health treatment. (*Id.*) Unmentioned, however, is Plaintiff's explanation for this seeming inconsistency. At the hearing, Plaintiff testified that her doctors believed her depression and panic attacks were a result of her fibromyalgia, and thus reasoned that addressing the latter would resolve the former. (AR at 40-41; *see* AR at 34 ("depression . . . [is] part of the fibromyalgia syndrome. The panic attacks [occur] only when [Plaintiff's] fatigue . . . flare[s] up to an extremely intense level. There's no treatment for panic attacks per se.")) The ALJ erred by failing to discuss this important clarification. *See Gallant v. Heckler*, 753 F.2d 1450, 1455-56 (9th Cir. 1984) (the ALJ must not "reach a conclusion first, and then attempt to justify it by ignoring competent evidence in the record that suggests an opposite result").

As for Plaintiff's hand pain, the ALJ similarly observed that it received no further treatment beyond surgery in October 2009. But it is not clear that such treatment would have been of any use. Indeed, according to Dr. Kay's November 2, 2009 assessment, Plaintiff's condition is permanent. (AR at 404 ("[Plaintiff's] prognosis is poor. Within reasonable medical probability, she will have permanent damage in the left fifth finger metacarpophalangeal joint . . . ." (capitalization omitted)).) Such evidence casts serious doubt on the ALJ's presumption that Plaintiff would have sought further treatment if her pain was, in fact, severe. This

evidence, then, merited discussion. *See Gallant*, 753 F.2d at 1455-56.

Second, the ALJ also found that Plaintiff's activities of daily living were inconsistent with her subjective complaints. (AR at 23.) In particular, the ALJ contrasted Plaintiff's own assessment of her pain with her abilities to shop, prepare meals, wash dishes, do laundry, clean her toilet, drive a car, manage her money, and talk to people. But such daily, often necessary, activities are not typically considered substantial gainful activities. *See Lewis v. Apfel*, 236 F.3d 503, 516 (9th Cir. 2001) (specifically referencing "taking care of oneself, household tasks, hobbies, school attendance, club activities, [and] social programs"). These activities can discredit a claimant only if they are transferable to a work setting and constitute a substantial portion of one's day. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The ALJ provided no evidence – and the Court cannot think of any – that would suggest that either is the case here.

Third, the ALJ found that Plaintiff's subjective complaints and alleged limitations are "out of proportion" with the objective medical evidence. (AR at 23.) Namely, the ALJ found no evidence of any muscle atrophy that presumably would accompany Plaintiff's alleged degree of inactivity. (AR at 23.) This reasoning, however, is not based upon any medical record, but rather the ALJ's own medical intuition. However reasonable it may be, reliance on such intuition is erroneous. *Banks v. Barnhart*, 434 F. Supp.2d 800, 805 (C.D. Cal. 2006) ("An ALJ cannot arbitrarily substitute his own judgment for competent medical opinion, and he must not succumb to the temptation to play doctor and make his own independent medical findings") (internal quotation marks, alterations, and citations omitted). Further, even putting this error aside, the invalidity of the ALJ's other reasons forecloses any rejection, as here, based solely on lack of objective evidence. *See Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) ("[O]nce the claimant produces objective medical evidence of an underlying impairment, [the ALJ] may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully

1    corroborate the alleged severity of pain.")   Thus, as to this ground, the ALJ's
2    credibility determination was inadequate.
3         Accordingly, for the reasons stated above, the Court determines that the ALJ
4    improperly discredited Plaintiff.
5         C.    Remand is Warranted
6         With error established, this Court has discretion to remand or reverse and
7    award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  Where no
8    useful purpose would be served by further proceedings, or where the record has been
9    fully developed, it is appropriate to exercise this discretion to direct an immediate
10   award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004).
11   But where there are outstanding issues that must be resolved before a determination
12   can be made, or it is not clear from the record that the ALJ would be required to find
13   plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.
14   *See id.* at 594.
15        Here, there are outstanding issues which must be resolved before a final
16   determination can be made.  On remand, the ALJ shall reconsider Plaintiff's
17   subjective complaints and the resulting functional limitations, and either credit
18   Plaintiff's testimony or provide clear and convincing reasons supported by
19   substantial evidence for rejecting them.  In addition, if necessary, the ALJ shall
20   obtain additional information and clarification regarding Plaintiff's impairments and
21   activities of daily living.
22   \ \ \
23   \ \ \
24   \ \ \
25   \ \ \
26   \ \ \
27   \ \ \
28   \ \ \

4

1  Based on the foregoing, IT IS ORDERED THAT judgment shall be entered
2  **REVERSING** the decision of the Commissioner denying benefits and
3  **REMANDING** the matter for further administrative action consistent with this
4  decision.[1/]

6  Dated: November 29, 2012

   _____
   Hon. Jay C. Gandhi
   United States Magistrate Judge

---

[1/] In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contention. (*See* Joint Stip. at 4-14.)